People v StVal (2019 NY Slip Op 05164)





People v StVal


2019 NY Slip Op 05164


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-05419
 (Ind. No. 2967/15)

[*1]The People of the State of New York, respondent,
v
Marven StVal, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Anna Arena on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. LaPorte, J.), rendered April 25, 2017, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). Here, as the People correctly concede, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court considered and determined whether the defendant should be afforded youthful offender status (see People v Foster, 162 AD3d 790; People v Hall, 160 AD3d 896, 897; People v Mead, 159 AD3d 1040, 1041). Accordingly, we must vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, to determine whether the defendant should be adjudicated a youthful offender, and for resentencing thereafter (see People v Foster, 162 AD3d at 790; People v Hall, 160 AD3d at 897). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of this determination, the defendant's remaining contention has been rendered academic.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court